■ Grassi & Co., CPAs, P.C., Appellant, v Janover Rubinroit, LLC, et al., Respondents. [918 NYS2d 503]—

The appeal from the intermediate orders must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment (CPLR 5501 [a] [1]).

The plaintiff and the defendant Janover Rubinroit, LLC (hereinafter Janover), are rival accounting firms. The defendants James Logan and Barry Schosid were employed by the plaintiff, and subsequently, within one year of commencing employment with the plaintiff, left its employ and began working for Janover. It is undisputed that Logan and Schosid brought a number of clients with them when they began working for the plaintiff. It is also undisputed that a number of these clients ceased being serviced by the plaintiff at approximately the time when Logan and Schosid's employment with the plaintiff terminated.

At the core of several of the causes of action asserted here are the confidentiality provisions and the restrictive covenants, including "reimbursement clauses," contained in Logan's and Schosid's employment agreements with the plaintiff. However, the defendants are correct that the restrictive covenant and the reimbursement clauses were unenforceable as to Schosid. Because the plaintiff terminated Schosid's employment without cause, the "mutuality of obligation" on which the covenant depended, and which enabled the plaintiff as employer to impose a forfeiture, ceased to exist, and, accordingly, as to Schosid, these provisions were unenforceable (*see Post v Merrill Lynch, Pierce, Fenner & Smith*, 48 NY2d 84, 89 [1979]; *Borne Chem. Co. v Dictrow*, 85 AD2d 646, 649 [1981]).

We agree with the defendants' interpretation of the reimbursement clauses as providing, in part, that, where, as here, the employee left the plaintiff's employ within his or her first year of employment, and the plaintiff did not pay the employee's prior employer for the right to service the client for whom the plaintiff is seeking reimbursement based on that client's departing, no obligation to reimburse the plaintiff arises. Here, it is undisputed that both Logan and Schosid left the plaintiff's employ within one year after being hired by the plaintiff. Therefore, under the plain terms of the reimbursement clauses (*see generally Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]; *Anita Babikian, Inc. v TMA Realty, LLC*, 78 AD3d 1088 [2010]), Logan (and Schosid had the provisions been applicable to him) would not be obligated to reimburse the plaintiff for the departure of certain clients who ended their relationship with the plaintiff after Logan and Schosid left the plaintiff's employ, since the plaintiff did not pay a fee to Logan and Schosid's prior

employer to gain the right to service those clients. As to those clients for whom the plaintiff paid Logan and Schosid's prior employer, nonparty RSM McGladrey, Inc. (hereinafter RSM), for the right to service, the defendants established, among other things, that Logan did not cause any of those clients to end their relationships with the plaintiff within the meaning of the reimbursement clauses. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Additionally, to the extent that Schosid caused the departure from the plaintiff of any of the clients who worked with him at RSM, as previously stated, the reimbursement clauses are unenforceable against him.

As to the remaining causes of action at issue on the plaintiff's appeal, sounding in, among other things, conversion and tortious interference with contract, the defendants established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff's arguments in opposition were based solely upon surmise, conjecture, and suspicion, and were insufficient to raise a triable issue of fact to defeat the defendants' motion for summary judgment (*see e.g. Rendon v Castle Realty*, 28 AD3d 532, 533 [2006]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.