■ Gary Rosenbach et al., Plaintiffs, v The Diversified Group, Inc., et al., Defendants. The Diversified Group, Inc., et al., Third-Party Plaintiffs-Respondents-Appellants, v Marcum & Kliegman LLP et al., Third-Party Defendants, and Kostelanetz & Fink LLP et al., Third-Party Defendants-Appellants-Respondents. [926 NYS2d 49]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 16, 2009, which, to the extent appealed from as limited by the briefs, denied the motions by third-party defendants Kostelanetz & Fink LLP (K&F) and Weiss & Company (Weiss), respectively, to dismiss third-party plaintiffs' claims for contribution as against them, unanimously affirmed, with costs.

In a prior arbitration proceeding, defendants/third-party plaintiffs (collectively, DGI) were found to have defrauded plaintiffs by selling them a tax shelter investment that was subsequently disallowed by the IRS. DGI, alleging that plaintiffs' losses resulted in part from the negligent tax advice they received from their attorneys and accountants, asserts third-party claims for contribution against, inter alia, K&F, plaintiffs' tax lawyers, and Weiss, the accounting firm that prepared plaintiffs' relevant tax returns. For the reasons set forth below, we affirm Supreme Court's denial of the respective motions by K&F and Weiss to dismiss DGI's contribution claims against them.

The doctrine of collateral estoppel does not bar DGI's claims for contribution because the issue of K&F's and Weiss's liability was not necessarily decided in the prior arbitration proceeding

(*see Matter of Hofmann*, 287 AD2d 119, 123 [2001]). Contrary to K&F's and Weiss's further contention, that DGI has been found liable for fraud, while K&F and Weiss are alleged only to have been negligent, does not bar DGI's contribution claims (*see Corva v United Servs. Auto. Assn.*, 108 AD2d 631 [1985]; *Taft v Shaffer Trucking*, 52 AD2d 255, 259-260 [1976], *appeal dismissed* 42 NY2d 974 [1977]). Nor does the doctrine of unclean hands bar a claim for contribution, since the entire purpose of CPLR article 14 is to codify the changes in tort law as to equitable contribution among tortfeasors announced by the Court of Appeals in *Dole v Dow Chem. Co.* (30 NY2d 143 [1972]; *see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 125 AD2d 27, 29 [1987], *affd* 71 NY2d 21 [1987]).

We reject K&F's argument that *Kirschner v KPMG LLP* (15 NY3d 446 [2010]) requires dismissal of DGI's contribution claims. The doctrine of in pari delicto bars a party that has been injured as a result of its own intentional wrongdoing from recovering for those injuries from another party whose equal or lesser fault contributed to the loss (*see id.* at 464 [in pari delicto "mandates that the courts will not intercede to resolve a dispute between two wrongdoers"]; *Chemical Bank v Stahl*, 237 AD2d 231, 232 [1997] [in pari delicto "requires immoral or unconscionable conduct that makes the wrongdoing of the party against which it is asserted at least equal to that of the party asserting it"]). In *Kirschner*, the Court of Appeals held, among other things, that in pari delicto survived the establishment of the comparative fault regime under CPLR 1411 because "there is no reason to suppose that the *statute* did away with common-law defenses based on intentional conduct, such as in pari delicto" (15 NY3d at 474).

Critically, the claims that the *Kirschner* Court found to be precluded by in pari delicto sought recovery for the wrongdoer's *own* injuries.* In this case, by contrast, we are concerned with

---

* Specifically, *Kirschner* held that in pari delicto barred claims asserted in the names of two corporations (in one case, by shareholders suing derivatively; in the other case, by a bankruptcy litigation trustee) against the corporations' outside advisors for failing to prevent fraudulent schemes perpetrated by corporate officers acting on behalf of the corporations. In each case, the misconduct of the corporate officers was found to be imputable to the corporation as a matter of law. Notably, the two hypothetical examples of the operation of in pari delicto posited in *Kirschner* both concerned a wrongdoer seeking recovery for his own injuries (*see* 15 NY3d at 464 ["A criminal who is injured committing a crime cannot sue the police officer or security guard who failed to stop him; the arsonist who is singed cannot sue the fire department"]).

contribution claims under CPLR article 14 that seek reimbursement for the wrongdoer's payment of more than its alleged equitable share of the damages suffered by third parties. Ever since *Dole* was decided nearly 40 years ago, this state has permitted contribution claims "among joint or concurrent tortfeasors regardless of the degree or nature of the concurring fault" (*Kelly v Long Is. Light. Co.*, 31 NY2d 25, 29 [1972]; *see also Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d at 27 [CPLR 1401 "applies not only to joint tort-feasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors"]). Indeed, the Court of Appeals has expressly recognized that contribution applies among tortfeasors "in pari delicto" (*Mas v Two Bridges Assoc.*, 75 NY2d 680, 689-690 [1990]; *see also County of Westchester v Welton Becket Assoc.*, 102 AD2d 34, 46 [1984], *affd* 66 NY2d 642 [1985] ["Contribution involves an apportionment of responsibility where wrongdoers are *in pari delicto*"]). Nothing in *Kirschner* indicates any change in New York's adherence to this long-standing principle.

The third-party complaint states a cause of action against K&F by alleging that the law firm failed to disclose material legal information to its client in advising whether or not to apply for a tax amnesty. This allegedly material omission takes the claim out of the realm of "error of judgment" (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]). Similarly, the third-party complaint states a cause of action against Weiss by alleging that the accounting firm, as tax preparer, lacked a reasonable basis for believing the tax shelter at issue would be accepted by the IRS. Concur—Saxe, J.P., Friedman, McGuire, Abdus-Salaam and Román, JJ.