Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 18, 2013, to the extent it granted the motion of defendants Allan Houston and New York Knickerbockers, a Division of Madison Square Garden, L.E (the Knicks) to dismiss the complaint bearing index No. 650198/2011 (action one), and denied plaintiffs motions for reargument and renewal and for sanctions, unanimously affirmed, with costs, and appeal therefrom otherwise deemed appeal from judgment, same court and Justice, entered May 10, 2013, dismissing the complaint bearing index No. 151202/2012 (action two) (CELR 5520 [c]), and, so considered, the judgment is unanimously affirmed, with costs.
In action one, the court properly dismissed plaintiffs breach of contract claim, and his duplicative fraud claim, asserting that Houston failed to fulfill an alleged promise to assist plaintiff in finding professional coaching work if such an opportunity were to arise, for lack of specificity and definiteness (see Mañas v VMS Assoc., LLC, 53 AD3d 451 [1st Dept 2008]; see also Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482 [1989], cert denied 498 US 816 [1990]). The court also properly determined that Houston’s alleged remark to a sports writer that plaintiff “was trying to blackmail him” was not actionable as slander, since, it was a fair characterization of plaintiffs let *639 ter, and did not convey that Houston was accusing plaintiff of a serious crime (see Dillon v City of New York, 261 AD2d 34, 39 [1st Dept 1999]). As for his claim of tortious interference with prospective business advantage, plaintiff failed to allege any specific business relationship he was prevented from entering into by reason of the purported tortious interference or that defendants acted with the sole purpose of harming him or employed wrongful means (Schoettle v Taylor, 282 AD2d 411, 412 [1st Dept 2001]). Nor was there any basis to impose vicarious liability on the Knicks for the claims against Houston.
Action two against Houston, the Knicks and their attorneys for, inter alia, defamation, based on their characterization of plaintiff in court papers in action one, was properly dismissed, since statements made in the course of judicial proceedings are privileged (see Pomerance v McTiernan, 51 AD3d 526 [1st Dept 2008]).
We have reviewed plaintiffs remaining contentions, including that his motions in action one for sanctions and for reargument and renewal were improperly denied, and find them unavailing.
Concur — Mazzarelli, J.E, Acosta, Freedman, Richter and Clark, JJ.
Motion for costs and sanctions granted to the extent of award-
ing costs on the appeal, and otherwise denied.