(October 28, 2014)

GREYSTONE FUNDING CORPORATION, Appellant, v EPHRAIM KUTNER et al., Respondents. [996 NYS2d 5]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 7, 2013, which, to the extent appealed from, granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.

On January 1, 2010, defendant Ephraim Kutner entered into a two-year employment contract with plaintiff, Greystone Funding Corporation. He had been working at Greystone as an at-will employee for close to 10 years prior to execution of the employment contract, and had risen within the company to become a senior mortgage originator and head of an office opened by Greystone in Lawrence, New York (5-10 minutes from his home). The employment contract ran from January 1, 2011 through January 1, 2013, and contained three restrictive covenants at issue in this dispute: a noncompetition clause, a nonsolicitation clause, and a confidentiality provision. The employment contract gave Ephraim responsibility to supervise his brother, defendant Jonathan Kutner, who served as the project manager for Ephraim's team in the Lawrence office.

The employment contract provided that it would automatically renew for an additional two-year term unless written notice of nonrenewal was given 30 days before its expiration. On November 30, 2012, December 27, 2012, and January 23, 2013, Ephraim and Greystone entered into three letter agreements extending the "notice of non-renewal" of the contract to February 27, 2013, agreeing that: "[d]uring the period commencing on January 1, 2013 and ending on the earlier of (1) the termination date under the Employment Agreement and (2) March 27, 2013, the terms of the Employment Agreement shall govern . . . ."

On February 27, 2013, Ephraim sent Greystone an email that he contends constituted written notice that he would not be renewing the employment agreement but he would continue in

Greystone's employ on an at-will basis. On March 1, 2013, Greystone's general counsel responded by letter stating that it was unclear from Ephraim's email whether he was giving notice of nonrenewal of the employment agreement or notice that he wanted to alter the terms of employment to at-will employment, an arrangement that was not acceptable to Greystone. The company asked Ephraim to advise it, by March 4, 2013, whether or not he wanted to renew the employment agreement. The March 1st letter stated that if Ephraim chose not to renew the employment agreement, the company would be "forced to terminate [his] employment, effective immediately." The parties do not dispute that Ephraim worked at Greystone until April 15, 2013.

The complaint alleges that by April 2013, Ephraim and Jonathan formed and began actively operating a mortgage banking business named Harborview in the area of their former practice, and that a number of the employees from Greystone's Lawrence office left their former employer to work for Ephraim and Jonathan, in direct competition with Greystone.

The complaint asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty, along with tortious interference claims against Jonathan and Harborview for facilitating Ephraim's breach of the employment contract.

Defendants moved to dismiss the complaint, pursuant to CPLR 3211. The motion does not indicate the subsection of CPLR 3211 under which it is brought. However, from the documentation supporting the motion, we can infer that defendants sought dismissal pursuant to either CPLR 3211 (a) (1) (documentary evidence) or CPLR 3211 (a) (7) (failure to state a claim). Defendants argued that Greystone had terminated Ephraim without cause by its March 1, 2013 letter, rendering the restrictive covenants in the employment agreement invalid. As the restrictive covenants supported both the contract and tort claims, defendants contended that the termination without cause was fatal to the complaint. In opposition, Greystone argued that Ephraim terminated the employment contract by his email dated February 27, 2013, and that the restrictive covenants were operative for two years subsequent to his leaving Greystone on April 15, 2013.

After hearing oral argument, the motion court granted defendants' motion. The court determined that Greystone terminated Ephraim without cause on March 1, 2013, and, relying upon *Post v Merrill Lynch, Pierce, Fenner & Smith* (48 NY2d 84 [1979]), concluded that Ephraim's obligations arising from

the restrictive covenants in the employment agreement therefore ended that day. In *Post*, the Court of Appeals observed that "[w]here the employer terminates the employment relationship without cause, . . . his action necessarily destroys the mutuality of obligation on which the covenant rests" (*id.* at 89).

The motion court reasoned that "[u]pon being informed of Ephraim's intention to not renew the [Employment] Agreement, Greystone could have allowed the Agreement to expire automatically after the last extension to March 27, 2013, thereby preserving the restrictive covenants it now seeks to enforce," but instead, on March 1, terminated Ephraim "effective immediately."

We reverse. Under CPLR 3211 (a) (1) and (a) (7) the court is limited to examining the complaint (and, under [a] [1], the proffered documentary evidence) to determine whether the complaint states a cause of action (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The law is also settled that "in assessing the adequacy of a complaint under CPLR 3211 (a) (7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference" (*Landon v Kroll Lab. Specialists, Inc.*, 22 NY3d 1, 5 [2013] [internal quotation marks and brackets omitted]). "Whether the plaintiff will ultimately be successful in establishing [its] allegations is not part of the calculus" (*id.* at 6 [internal quotation marks omitted]).

According Greystone the benefit of every favorable inference to be drawn from its complaint, we cannot conclude that its contractual and tort claims lack any basis in law. The exchange that took place between Ephraim and Greystone in late February and early March was equivocal at best. In his February 27th email, Ephraim accepted Greystone's nonexistent suggestion that he work on an at-will basis without a contract. In its March 1st response, the company stated that it would not accept an at-will arrangement and asked Ephraim to advise it, by March 4, 2013, whether he wanted to renew the employment agreement for two years, or not to renew, in which case he would be fired "effective immediately." Following March 4th, Ephraim kept working at Greystone, without responding to its March 1st letter. At this point, it is not clear whether Greystone had accepted Ephraim's request to work at-will, or created an indefinite extension of the employment agreement. The parties also offer divergent narratives regarding Ephraim's motivation for leaving Greystone.

Given the procedural posture of the motion, and the uncer-

tainty of the record as presently developed, we must conclude that the complaint withstands dismissal. There is a reasonable view of the pleading that would support Greystone's claims that Ephraim breached the restrictive covenants in the employment contract and that he, Jonathan and Harborview committed the ancillary tort claims. It is possible that the dispute may be amenable to resolution on a more developed record and exploratory motion for summary judgment, or after a full development of the facts after trial. However, the motion court's disposition of the case by summary dismissal under CPLR 3211 was, at the very least, premature. Concur—Gonzalez, P.J., Acosta, DeGrasse, Freedman and Richter, JJ.