■ CRC Litigation Trust, Appellant, v Marcum, LLP, Formerly Known as Marcum & Kliegman, LLP, et al., Respondents. [19 NYS3d 291]—

In an action, inter alia, to recover damages for accounting malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Driscoll, J.), dated July 12, 2013, which, upon an order of the same court dated June 20, 2013, granting the defendants' separate motions pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against each of them and denying the plaintiff's cross motion for leave to amend the amended complaint, is in favor of the defendants and against it dismissing the complaint. The notice of appeal from the order dated June 20, 2013, is deemed to be a notice of appeal from the judgment dated July 12, 2013 (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court properly granted that branch of the motion of the defendant Marcum, LLP, formerly known as Marcum & Kliegman, LLP (hereinafter Marcum), which was to dismiss the accounting malpractice cause of action insofar as asserted against it as time-barred. When moving to dismiss a cause of action as time-barred pursuant to CPLR 3211 (a) (5), a defendant must establish, prima facie, that the time in which to sue has expired (*see Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP*, 129 AD3d 790, 792 [2015]; *Alizio v Ruskin Moscou Faltischek, P.C.*, 126 AD3d 733, 734-735 [2015]). Upon the defendant's satisfaction of this burden, the burden shifts to the plaintiff to aver evidentiary facts establishing that the cause of action was timely or to raise a question of fact as to whether the cause of action was timely (*see Lake v New York Hosp. Med. Ctr. of Queens*, 119 AD3d 843, 844 [2014]; *Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]). The plaintiff may do so by averring evidentiary facts establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limita-

tions applies (*see Lake v New York Hosp. Med. Ctr. of Queens*, 119 AD3d at 844; *Baptiste v Harding-Marin*, 88 AD3d 752, 753 [2011]; *Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 195 [2009]). Here, Marcum met its initial burden in moving to dismiss the accounting malpractice cause of action insofar as asserted against it on the ground that the statute of limitations had expired. A cause of action alleging accounting malpractice "accrues upon the client's receipt of the accountant's work product" (*Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 8 [2007] [internal quotation marks omitted]; *see Rodeo Family Enters., LLC v Matte*, 99 AD3d 781, 783 [2012]), and the action must be commenced within three years of its accrual (*see* CPLR 214 [6]; *Williamson v PricewaterhouseCoopers LLP*, 9 NY3d at 7-8; *Rodeo Family Enters., LLC v Matte*, 99 AD3d at 783). Marcum established, prima facie, that the plaintiff's malpractice claim against it accrued in February 2007, more than three years before the commencement of this action. Further, Marcum established that the three-year limitations period had already expired by the time the plaintiff filed for bankruptcy protection. Thus, the toll effected by the bankruptcy filing was of no consequence with respect to the running of the statute of limitations (*see* CPLR 214 [6]; 11 USC § 108 [a]; *Williamson v PricewaterhouseCoopers LLP*, 9 NY3d at 8, 10-11; *Shumsky v Eisenstein*, 96 NY2d 164, 171 [2001]; *Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d at 196). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations against Marcum was tolled by the doctrine of continuous representation (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d at 10-11; *cf. Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d at 196).

In addition to the expiration of the statute of limitations as to the accounting malpractice causes of action against Marcum, the Supreme Court properly concluded that all of the plaintiff's claims, against both defendants, were barred by the doctrine of in pari delicto, which "mandates that the courts will not intercede to resolve a dispute between two wrongdoers" (*Kirschner v KPMG LLP*, 15 NY3d 446, 464 [2010]; *see Schwartz v Leaf, Salzman, Manganelli, Pfiel & Tendler, LLP*, 123 AD3d 901, 902 [2014]). Contrary to the plaintiff's contention, the allegations of the complaint do not implicate the "adverse interest" exception to the doctrine, because the allegations do not support a finding that the corporate insiders who allegedly committed the wrongdoing totally abandoned the corporation's interests and acted entirely on their own (*see Kirschner v KPMG LLP*, 15 NY3d at 467-468; *Chaikovska v Ernst & Young, LLP*, 78 AD3d 1661, 1663-1664 [2010]; *cf. Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d at 198).

Finally, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the amended complaint, as the proposed amendments were patently devoid of merit (*see Strunk v New York State Bd. of Elections*, 126 AD3d 781, 782 [2015]).

In light of our determination, we need not address the plaintiff's remaining contentions. Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.