■ IAN STOKOE et al., Respondents, v MARCUM & KLIEGMAN LLP et al., Appellants. [24 NYS3d 267]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, Ref.), entered March 24, 2015, which, insofar as appealed from, denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

In this accounting malpractice action alleging that defendants failed to uncover fraudulent activity by plaintiffs' insolvents' investment manager, the motion court correctly declined to apply the doctrine of in pari delicto to bar the action; contrary to defendants' understanding of the order on appeal, the doctrine is applicable to accounting malpractice claims (*see Kirschner v KPMG LLP*, 15 NY3d 446 [2010]).

The allegations by these plaintiffs in another action and in a Securities and Exchange Commission complaint, did not constitute documentary evidence conclusively demonstrating that the investment manager, as agent of the funds in liquidation, engaged in wrongful conduct that was not completely adverse to the interests of the funds (*Concord Capital Mgt., LLC v Bank of America., N.A.*, 102 AD3d 406 [1st Dept 2013], *lv denied* 21 NY3d 851 [2013]). The pleading addressed in the dismissal motion alleged that the malefactors acted in the interest of the wronged entity as well as in their own personal interest, and is distinguishable from defendants' attempt on the instant pre-answer dismissal motion to refute the allegations here with those in other pleadings. Moreover, the other pleading by the same plaintiffs is not clearly a conclusive admission. We note that New York requires complete adversity in order to fall within the exception to the imputation rule of the in pari delicto doctrine, and that New York law governs here based on the choice of law provision in the parties' engagement letters.

Nor was the complaint untimely, whether based on the three

year limitations period of CPLR 214 (6) or the similar contractual limitations period in the engagement letters. Plaintiffs carried their burden of demonstrating evidentiary facts showing that the continuous representation toll applied (*see CRC Litig. Trust v Marcum, LLP,* 132 AD3d 938 [2d Dept 2015]), based on the "mutual understanding" set forth in the engagement letters that defendants could be called upon in a government investigation to justify their audit findings. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.