■ GREYSTONE FUNDING CORP., Appellant, v EPHRAIM KUTNER et al., Respondents. (And Another Action and a Third-Party Action.) [26 NYS3d 75]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 26, 2015, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the claims for breach of the noncompetition and nonsolicitation covenants in defendant Ephraim Kutner's (Ephraim) employment agreement and for tortious interference with employment contact as against defendant Jonathan Kutner, unanimously reversed, on the law, without costs, and the motion denied.

Assuming, arguendo, that *Post v Merrill Lynch, Pierce, Fenner & Smith* (48 NY2d 84 [1979]) mandates the invalidation of all restrictive covenants in an employment agreement upon the termination of the employee without cause (*compare e.g. Grassi & Co., CPAs, P.C. v Janover Rubinroit, LLC*, 82 AD3d 700 [2d Dept 2011], *with Wise v Transco, Inc.*, 73 AD2d 1039 [4th Dept 1980]), the record before us still does not demonstrate conclusively that defendant Ephraim Kutner was terminated without cause. In a prior appeal in this case, in which we reversed an order granting defendants' motion to

dismiss pursuant to CPLR 3211 on the ground of "the uncertainty of the record as presently developed," we observed that "[i]t is possible that the dispute may be amenable to resolution on a more developed record and exploratory motion for summary judgment" (121 AD3d 581, 583-584 [1st Dept 2014]). Defendants moved for summary judgment shortly after our order was issued. However, their argument that Ephraim was terminated without cause was based on the same letters and emails as were submitted on the motion to dismiss. Thus, defendants failed to meet their burden on the motion for summary judgment of "tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Similarly, issues of fact still exist as to the reasonableness and enforceability of the restrictive covenants (*see Brown & Brown, Inc. v Johnson*, 25 NY3d 364, 372 [2015]).

As we are reinstating the claim for breach of the noncompetition and nonsolicitation covenants in Ephraim's employment agreement, the tortious interference claim, which was dismissed on the ground that the restrictive covenants were invalid, must also be reinstated. Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.