■ Access Nursing Services, Respondent, v The Street Consulting Group et al., Appellants. Access Nursing Services, Respondent, v Elizabeth Patten, Appellant. [29 NYS3d 268]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 10, 2015, which denied defendants' motions to dismiss the complaints, and granted plaintiff's motions for leave to amend the complaints, unanimously modified, on the law, to grant defendant Elizabeth Patten's motion to the extent of dismissing the third and fourth causes of action against her, and otherwise affirmed, without costs.

The motion court properly granted plaintiff leave to amend its complaints (CPLR 3025 [b]; *Peach Parking Corp. v 346 W. 40th St., LLC*, 42 AD3d 82, 86 [1st Dept 2007]). We decline to consider defendants' argument, raised for the first time in their reply briefs, that a motion for leave to amend must be accompanied by an affidavit of merits and evidentiary proof (*see Sierra v Ogden Cap Props., LLC*, 135 AD3d 654 [1st Dept 2016];

*McDonald v Edelman & Edelman, P.C.*, 118 AD3d 562 [1st Dept 2014]).

The complaints allege that the employment/confidentiality agreements are contracts between plaintiff and the respective defendants, that plaintiff performed its obligations under the agreements, that defendants breached their respective agreements by soliciting plaintiff's clients and using plaintiff's proprietary information to steal clients, and that plaintiff has been damaged by defendants' breaches. These allegations state causes of action for breach of contract (the first and second causes of action) (*see Harris v IG Greenpoint Corp.*, 72 AD3d 608, 609 [1st Dept 2010] ["The sole criterion on a motion to dismiss is whether the pleading states a cause of action"]; *see also Greystone Funding Corp. v Kutner*, 121 AD3d 581, 584 [1st Dept 2014] ["There is a reasonable view of the pleading that would support (plaintiff's) claims that (defendant) breached the restrictive covenants in the employment contract"]).

The complaint against defendants Street Consulting Group, Kyle Bernhard, Aparna Sharma and Joelle Velasco alleges that defendants used plaintiff's proprietary information to steal clients, and identifies client relationships that were harmed by defendants' interference. These allegations state causes of action for tortious interference and intentional interference with business relations (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 111 [1st Dept 2002]; *Rondeau v Houston*, 118 AD3d 638, 639 [1st Dept 2014], *lv dismissed* 24 NY3d 999 [2014]).

However, the complaint against defendant Patten fails to identify any specific business relationship that was harmed by Patten's alleged actions (*see Rondeau*, 118 AD3d at 639). Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.