In an action to recover damages for professional malpractice, the plaintiff Madeleine E. Schwartz appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered November 17, 2014, as granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted by her.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 Actions to recover damages for malpractice against nonmedical professionals are governed by the three-year statute of limitations set forth in CPLR 214 (6) (see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 539 [2004]; 730 J & J, LLC v Polizzotto & Polizzotto, Esqs., 69 AD3d 704, 705 [2010]). A cause of action alleging professional malpractice against an accountant accrues upon the client’s receipt of the accountant’s work product (see Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 8 [2007]; Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994]; CRC Litig. Trust v Marcum, LLP, 132 AD3d 938, 939 [2015]; Rodeo Family Enters., LLC v Matte, 99 AD3d 781, 783 [2012]).
 

 The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted by the plaintiff Madeleine E. Schwartz (hereinafter the plaintiff) by demonstrating that the professional malpractice causes of action accrued more than three years prior to the commencement of the action (see Meredith v Siben & Siben, LLP, 130 AD3d 791, 792 [2015]; Farage v Ehrenberg, 124 AD3d 159, 164 [2014]; Napoli v Moisan Architects, 77 AD3d 895, 895-896 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the continuous representation doctrine (see Rodeo Family Enters., LLC v Matte, 99 AD3d at 784; M.G. McLaren, P.C. v Massand Eng’g, L.S., P.C., 51 AD3d 878, 878 [2008]; Giarratano v Silver, 46 AD3d 1053, 1055 [2007]; Booth v Kriegel, 36 AD3d 312, 314 [2006]; Mitschele v Schultz, 36 AD3d 249, 253 [2006]).
 

 The plaintiff’s remaining contentions either are without merit or need not be reached in light of our determination.
 

 Accordingly, the Supreme Court properly granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff.
 

 Mastro, J.R, Hall, Austin and Sgroi, JJ., concur.