Conway v Marcum & Kliegman LLP (2019 NY Slip Op 07338)





Conway v Marcum & Kliegman LLP


2019 NY Slip Op 07338


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Gesmer, Kern, Oing, JJ.


10047 652236/14

[*1] Simon Conway, et al., Plaintiffs-Appellants,
v
Marcum & Kliegman LLP, et al., Defendants-Respondents.


Reid Collins & Tsai LLP, New York (Jeffrey E. Gross of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City (Anthony P. Colavita of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 10, 2018, which granted defendants' motion for summary judgment dismissing the amended complaint, unanimously reversed, on the law, with costs, and the motion denied.
In this accounting malpractice action, plaintiffs, the liquidators of several hedge funds, allege that defendants failed to uncover fraudulent activity by the funds' investment managers. The issue before us is whether the adverse interest exception to the equitable defense of in pari delicto bars the defense in this case (see Kirschner v KPMG LLP, 15 NY3d 446 [2010]). We find that plaintiffs raised issues of fact as to the adverse nature of their interests vis-a-vis those of their agents, the funds' investment managers, that preclude summary dismissal of the complaint on the ground of the in pari delicto defense.
"To come within the exception, the agent must have totally abandoned his principal's interests and be acting entirely for his own or another's purposes" (id. at 466 [internal quotation marks omitted]). The exception is applied only where the fraud is committed "against a corporation rather than on its behalf" (id. at 467). "So long as the corporate wrongdoer's fraudulent conduct enables the business to survive — to attract investors and customers and raise funds for corporate purposes — this test is not met" (id. at 468). Thus, we conclude that the mere continuation of a corporate entity does not per se constitute a benefit that precludes application of the adverse interest exception.
We note that in a prior appeal, this Court upheld plaintiffs' assertion of the adverse interest exception in opposition to defendants' motion to dismiss the original complaint on the pleadings (Stokoe v Marcum & Kliegman LLP, 135 AD3d 645 [1st Dept 2016]). The original complaint alleged that the funds' liquidation did not begin until years after the 2007 audits conducted by defendants were completed. This alleged fact was not sufficient to warrant dismissal then, and is not sufficient to warrant dismissal now under CPLR 3212 (see Greystone Funding Corp. v Kutner, 137 AD3d 427 [1st Dept 2016]).
Moreover, reliance on speculation about the benefits to be derived from the continued existence of an entity is inconsistent with the analysis of the adverse interest exception in Kirschner. It may be possible in every case to construct a hypothetical scenario where the company teetering on the brink of insolvency because of its agent's fraud meets with an opportune circumstance that allows it to resume legitimate business operations. Permitting such speculation would render the adverse interest exception meaningless. Further, an ongoing fraud and a continued corporate existence may harm a corporate entity: The agent may prolong the company's legal existence so that he can continue to loot from it, as appears to have been the case here.
The other purported "benefits" cited by defendants are also insufficient to show that the adverse interest exception is inapplicable, as there exist factual questions as to whether the funds were beneficiaries, rather than victims, of the investment managers' fraud (see e.g. Whitney [*2]Group, LLC v Hunt-Scanlon Corp., 106 AD3d 671 [1st Dept 2013] [reversing the grant of summary judgment to a defendant where issue of fact existed whether an alleged benefit to the plaintiff was actually a benefit at all]). Further, any purported benefit flowing to plaintiffs must be tied to "wrongful" conduct by defendants (Allied Irish Banks, P.L.C. v Citibank, N.A., 2015 WL 4104703, *9, 2015 US Dist LEXIS 88221, *29 [SD NY, June 30, 2015]).
We reject defendants' statute of limitations argument. The claims arising from the 2007 audits accrued in September 2010, when defendants re-affirmed their prior audit opinions to the
SEC, and there is no reason for us to reopen this previously resolved issue (see Stokoe, 135 AD3d at 645-646; Kenney v City of New York, 74 AD3d 630, 630-31 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK