King v Marsh & McLennan Agency, LLC (2021 NY Slip Op 00909)





King v Marsh & McLennan Agency, LLC


2021 NY Slip Op 00909


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 653707/19 Appeal No. 13108 Case No. 2020-02643 

[*1]Paul Andrew King, Plaintiff-Appellant,
v
Marsh & McLennan Agency, LLC, etc., et al., Defendants-Respondents.


Gardy & Notis, LLP, New York (Orin Kurtz of counsel), for appellant.
Jackson Lewis P.C., New York (Clifford R. Atlas of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 5, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment declaring that a non-solicitation agreement is unenforceable, unanimously affirmed, without costs.
Plaintiff agrees that he was an at-will employee, and neither his compensation schedule, the offer letter, nor the non-solicitation agreement define "cause" for termination. He also states, in his affidavit, that his performance was not poor, and that he had recently had his two best months. However, contrary to plaintiff's contention, poor work performance and failure to meet production goals may constitute cause for termination (see generally Friedman v State of New York, 24 NY2d 528, 540 [1969]). Moreover, the Employee Handbook stated that in order for poor performance to constitute cause, plaintiff would have to have received prior written documentation of his poor performance. Questions of fact exist concerning whether plaintiff received any warnings and/or documentation of his poor performance.
In light of the above, we need not reach the issue as to the enforceability of the non-solicitation agreement (see Kolchins v Evolution Mkts, Inc., 182 AD3d 408, 409 [1st Dept 2020] ["[t]he record demonstrates as a matter of law that these [restrictive] covenants are not enforceable because Evolution did not have a 'continued willingness' to employ Kolchins, despite Kolchin's continued desire to work for the company"]; Buchanan Capital Mkts., LLC v DeLucca, 144 AD3d 508, 509 [1st Dept 2016] [restrictive covenants "are not enforceable if the employer (plaintiff) does not demonstrate continued willingness to employ the party covenanting not to compete"] [internal quotation marks omitted]; see also Grassi & Co., CPAs, P.C. v Janover Rubinroit, LLC, 82 AD3d 700, 702 [2d Dept 2011] [because the employer terminated the employee without cause, both the forfeiture and the restrictive covenant were unenforceable]; Borne Chemical Co. v Dictrow, 85 AD2d 646, 649 [2d Dept 1981] [restrictive covenant was unenforceable where employee was terminated "without just cause"] ).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021