Getzel Schiff & Pesce, LLP v Shtayner (2024 NY Slip Op 06186)

Getzel Schiff & Pesce, LLP v Shtayner

2024 NY Slip Op 06186

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-10793
 (Index No. 613990/21)

[*1]Getzel Schiff & Pesce, LLP, plaintiff-respondent,
v
Semyon Shtayner, et al., defendants third-party plaintiffs-appellants; Jeffrey A. Getzel, third-party defendant-respondent.

Andrew B. Schultz, Franklin Square, NY, for defendants third-party plaintiffs-appellants.
Fox Rothschild LLP, New York, NY (Rony Greebel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered September 18, 2023. The order granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the counterclaims and the separate motion of the third-party defendant pursuant to CPLR 3211(a) to dismiss the third-party complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to dismiss the counterclaim alleging professional malpractice to the extent that counterclaim seeks to offset any award of fees to the plaintiff, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2021, the plaintiff, Getzel Schiff & Pesce, LLP (hereinafter GSP), commenced this action against the defendants, Semyon Shtayner, Yasya Shtayner, AAMJ, LLC, Unifern, LLC, and Chicago Medallion Management Corp. (hereinafter collectively the defendants), alleging, among other things, breach of contract and unjust enrichment. In February 2022, the defendants interposed their answer with counterclaims alleging fraud in the inducement and professional malpractice. The defendants filed a third-party complaint against the third-party defendant, Jeffrey A. Getzel, alleging fraud in the inducement and professional malpractice. GSP moved pursuant to CPLR 3211(a) to dismiss the defendants' counterclaims. Getzel separately moved pursuant to CPLR 3211(a) to dismiss the third-party complaint. In an order entered September 18, 2023, the Supreme Court granted the separate motions. The defendants appeal.
The Supreme Court properly granted that branch of GSP's motion which was to dismiss the first counterclaim, alleging fraud in the inducement, and properly granted that branch of Getzel's motion which was to dismiss the first cause of action of the third-party complaint, alleging fraud in the inducement. "Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence utterly refutes [a party's] factual allegations, conclusively establishing a defense as a matter of law" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874 [internal quotation marks omitted]; see [*2]Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). Here, the documentary evidence, consisting of engagement letters (see Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026, 1028), utterly refuted the defendants' factual allegations and conclusively established a defense to those claims as a matter of law.
The Supreme Court properly granted that branch of Getzel's motion which was to dismiss the second cause of action of the third-party complaint, alleging professional malpractice. "A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850; see CPLR 3211[a][5]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
An action to recover damages for accounting malpractice must be commenced within three years (see CPLR 214[6]; Schwartz v Leaf, Salzman, Manganelli, Pfiel & Tendler, LLP, 155 AD3d 803, 803). "A cause of action alleging professional malpractice against an accountant accrues upon the client's receipt of the accountant's work product" (Schwartz v Leaf, Salzman, Manganelli, Pfiel & Tendler, LLP, 155 AD3d at 803; see Ackerman v Price Waterhouse, 84 NY2d 535, 541). Here, Getzel established that the malpractice claim against him accrued more than three years before the defendants filed their third-party complaint. In opposition, the defendants failed to raise a question of fact as to whether the statute of limitations was tolled by the doctrine of continuous representation (see CRC Litig. Trust v Marcum, LLP, 132 AD3d 938, 939; Weiss v Deloitte & Touche, LLP, 63 AD3d 1045, 1047).
However, the Supreme Court erred in granting that branch of GSP's motion which was to dismiss the second counterclaim, alleging professional malpractice, to the extent that counterclaim seeks to offset any award of fees to GSP. Even crediting the court's determination that this claim accrued on February 4, 2019, rendering time-barred the counterclaim alleging professional malpractice asserted on February 15, 2022, the defendants are permitted, pursuant to CPLR 203(d), to seek equitable recoupment in a counterclaim. CPLR 203(d) provides, "[a] defense or counterclaim is interposed when a pleading containing it is served. A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed." "This provision allows a defendant to assert an otherwise untimely claim which arose out of the same transactions alleged in the complaint, but only as a shield for recoupment purposes, and does not permit the defendant to obtain affirmative relief" (Balanoff v Doscher, 140 AD3d 995, 996). This counterclaim alleging professional malpractice relates to GSP's performance of accounting services pursuant to which GSP would recover, and, thus, the counterclaim falls within the scope of CPLR 203(d), permitting the counterclaim to the extent it seeks to offset any award of fees to GSP, but not to the extent it seeks affirmative relief beyond an offset. Further, and contrary to GSP's contention, the second counterclaim adequately states a cause of action for professional malpractice (see CPLR 3211[a][7]; see generally Nonnon v City of New York, 9 NY3d 825, 827).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we modify the order insofar as appealed from so as to deny that branch of the plaintiff's motion which was to dismiss the counterclaim alleging professional malpractice to the extent that counterclaim seeks to offset any award of fees to the plaintiff.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court