■ JEFFREY LESSOFF, Respondent, v 26 COURT STREET ASSOCIATES, LLC, Appellant, et al., Defendants. [872 NYS2d 144]—

In an action to recover damages for personal injuries, the defendant 26 Court Street Associates, LLC, appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated March 22, 2007, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred, and (2) an order of the same court (Marano, J.), dated December 5, 2007.

Ordered that the appeal from the order dated December 5, 2007 is dismissed as abandoned; and it is further,

Ordered that the order dated March 22, 2007 is reversed insofar as appealed from, on the law, and that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the appellant as time-barred is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

On August 22, 2003 the plaintiff mailed a letter to the appellant claiming that he had been injured as the result of a slip and fall in the appellant's building. On October 10, 2006 the plaintiff commenced this action by filing a summons and complaint. The complaint, which was not properly verified, alleged that the same accident occurred on October 11, 2003 (*see* CPLR 3020, 3021). The appellant moved, inter alia, to dismiss the action as time-barred, contending that the accident occurred on or prior to August 22, 2003, and that the action, which was commenced more than three years after the underlying accident, was untimely. The Supreme Court denied that branch of the motion.

In support of that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred, the appellant established through documentary evidence that the plaintiff's action accrued on or before August 22, 2003. Since the action was com-

menced after the expiration of the three-year statute of limitations by the filing of a summons and complaint on October 10, 2006, the appellant sustained the initial burden of proving that the action was untimely (*see* CPLR 214 [5]; *Etienne v H. Schrier & Co., Inc.*, 53 AD3d 470 [2008]; *Levinsky v Mugermin*, 52 AD3d 477 [2008]; *Marino v Proch*, 258 AD2d 628 [1999]). Thereafter, the burden was upon the plaintiff to aver evidentiary facts establishing that the action was timely or to raise an issue of fact as to whether the action was timely (*see Gravel v Cicola*, 297 AD2d 620, 621 [2002]; *Assad v City of New York*, 238 AD2d 456, 457 [1997]).

In opposition, the plaintiff, who is an attorney, submitted his own affirmation and the medical report of his physician. It was improper for the plaintiff to submit his own affirmation rather than an affidavit, since he was a party to the action (*see* CPLR 2106; *Muniz v Katlowitz*, 49 AD3d 511, 513 [2008]; *DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]; *Matter of Sassower v Greenspan, Kanarek, Jaffe & Funk*, 121 AD2d 549 [1986]). Furthermore, the purported date of the accident contained in the physician's report constituted inadmissible hearsay, since the source of that information was unknown and may have been part of the history relayed by the plaintiff (*see Albrecht v Area Bus Corp.*, 249 AD2d 253, 255 [1998]; *Ginsberg v North Shore Hosp.*, 213 AD2d 592 [1995]; *Echeverria v City of New York*, 166 AD2d 409, 410 [1990]). Moreover, the affidavit of the office manager of the plaintiff's law firm was improperly submitted in surreply (*see* CPLR 2214; *Boockvor v Fischer*, 56 AD3d 405 [2008]; *Flores v Stankiewicz*, 35 AD3d 804, 805 [2006]; *Mu Ying Zhu v Zhi Rong Lin*, 1 AD3d 416, 417 [2003]). In any event, that affidavit was of no probative value. Since the plaintiff failed to produce any evidentiary facts with respect to the date of the accident, that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the appellant as time-barred should have been granted. Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.