JAMES LAKE, Appellant, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS et al., Respondents. [989 NYS2d 365]—

In an action to recover damages for negligence, violations of Public Health Law § 2801-d, and medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated February 13, 2013, as granted those branches of the separate motions of the defendants New York Hospital Medical Center of Queens and Meadow Park Rehabilitation and Health Care Center which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In March 2011, the plaintiff commenced an action in the Supreme Court, Queens County, against the defendants New York Hospital Medical Center of Queens (hereinafter NYHMC) and Meadow Park Rehabilitation and Health Care Center (hereinafter Meadow Park) alleging, inter alia, negligence and violations of Public Health Law § 2801-d. The only date stated in that complaint relating to the alleged misconduct was March 5, 2007. Thereafter, the Supreme Court dismissed the action for lack of capacity to sue because the plaintiff had not received the

letters of administration of the decedent's estate required for him to have the capacity to bring the action. After receiving the proper letters of administration, the plaintiff commenced this action in August 2012, alleging, inter alia, that Meadow Park violated Public Health Law § 2801-d and was grossly negligent, and that NYHMC committed medical malpractice. The complaint included dates of misconduct spanning from March 2007 through January 2009. The Supreme Court granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (*Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768 [2012]). "In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2008]). If the defendant meets that burden, the burden then shifts to the plaintiff to "aver evidentiary facts establishing that the action was timely or to raise a question of fact as to whether the action was timely" (*Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]). The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies (*see Massie v Crawford*, 78 NY2d 516 [1991]; *see also Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d at 768).

Here, in opposition to the defendants' prima facie showing that the time in which to commence this action had expired, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled pursuant to the continuous treatment doctrine (*see Wei Wei v Westside Women's Med. Pavilion, P.C.*, 115 AD3d 662, 663-664 [2014]; *Fraumeni v Oakwood Dental Arts, LLC*, 108 AD3d 495, 496 [2013]). Moreover, contrary to the plaintiff's contention, the original action filed in 2011 was not filed within the applicable limitations period. Therefore, the six-month extension of the limitations period under CPLR 205 (a) was unavailable to the plaintiff.

Since this action was commenced after the expiration of the statute of limitations, the Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them (*see* CPLR 214 [2], [5]; 214-a). Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.