■ Resat Keles, Appellant, v Jerry M. Hultin et al., Respondents. [42 NYS3d 60]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Sweeney, J.), dated January 7, 2015, which granted the defendants' renewed motion for summary judgment dismissing the remaining cause of action to recover damages for breach of contract as time-barred.

Ordered that the order is affirmed, with costs.

"The general rule applicable to contract actions is that a six year Statute of Limitations begins to run when a contract is breached or when one party omits the performance of a contractual obligation" (*Beller v William Penn Life Ins. Co. of N.Y.*, 8 AD3d 310, 314 [2004] [internal quotation marks omitted]; *see* CPLR 213 [2]). "A breach of contract can be said to occur when the claimant's bill is expressly rejected, or when the party seeking payment should have viewed his claim as having been constructively rejected" (*Capstone Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.*, 27 AD3d 411, 411-412 [2006] [internal quotation marks omitted]). "[K]nowledge of the occurrence of the wrong on the part of the plaintiff is not necessary to start the Statute of Limitations running in [a] contract [action]" (*Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 403 [1993] [internal quotation marks omitted]; *see ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc.*, 25 NY3d 581, 594 [2015]).

Here, the defendants established, prima facie, that the plaintiff's remaining cause of action alleging breach of contract accrued, at the latest, in 1998, and that this cause of action, interposed in 2012 when this action was commenced, was therefore barred by the statute of limitations (*see* CPLR 213 [2]; *Guarino v North Country Mtge. Banking Corp.*, 79 AD3d 805, 806 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, there is no evidence that a contract between the parties called for continuing performance over a period of time such that a new breach occurred for statute of limitations purposes each time the defendants failed to make a required payment (*cf. Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d 820, 822 [2013]). Further, the plaintiff's alleged lack of knowledge that a breach occurred did not toll the running of the limitations period (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d at 403; *Reid v Incorporated Vil. of Floral Park*, 107 AD3d 777, 778 [2013]). Accordingly, the Supreme Court properly granted the defendants' renewed motion.

The plaintiff's remaining contention is without merit.

Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.