In an action, inter alia, for a judgment declaring that the plaintiff has an equitable mortgage upon certain real property, the defendants William P. Burke, Jr., and Susan C. Burke appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered June 2, 2015, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them, and to cancel the notice of pendency dated December 2, 2014, filed against the subject property.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants William P. Burke, Jr., and Susan C. Burke which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them and to cancel the notice of pendency are granted; and it is further,
 

 Ordered that the Nassau County Clerk is directed to cancel the notice of pendency dated December 2, 2014.
 

 On June 16, 1997, the defendants William P. Burke, Jr., and Susan C. Burke (hereinafter together the defendants) executed a note in the sum of $370,000 in favor of Delta Funding Corporation (hereinafter Delta), which was secured by a mortgage on residential real property located in Nassau County. The proceeds of the loan allegedly were used to pay off existing liens against the property totaling $350,633.07, which payments were made at the time of closing.
 

 The defendants allegedly defaulted on the payment due on April 20, 1998. Thereafter, in 1999, 2005, and 2011, Delta’s successors-in-interest to the note and mortgage commenced three separate actions to foreclose the mortgage. The 1999 action was dismissed pursuant to CPLR 3216 for failure to prosecute, and the 2005 action was abandoned. The 2011 action was brought by the plaintiff Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee formerly known as Norwest Bank Minnesota, N.A., as trustee for Delta Home Equity Loan Trust 1997-3. By order dated May 14, 2012, the Supreme Court granted the defendants’ motion to dismiss the 2011 action as time-barred and declared the mortgage null and void.
 

 On December 2, 2014, the plaintiff commenced this action (1) for a judgment declaring, under the doctrine of equitable mortgage, that the 1997 mortgage agreement constituted a valid and binding lien upon the property or, in the alternative, for a judgment declaring, under the doctrine of equitable subrogation, that the plaintiff had an equitable lien on the property of not less than $350,633.07, the amount of all liens extinguished at the time of closing, and (2) to recover a money judgment, pursuant to a theory of unjust enrichment, for not less than $187,354.94, representing the amount of real property taxes and hazard insurance premiums for the subject property paid by the plaintiff from June 1998 to the present. In connection with the commencement of the action, the plaintiff filed a notice of pendency dated December 2, 2014, against the property.
 

 The defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them, and to cancel the notice of pendency filed against the property. The defendants argued that the complaint was barred by the six-year statute of limitations and, in any event, failed to state a cause of action to recover under theories of equitable mortgage, equitable subrogation, or unjust enrichment, and was barred by the doctrine of res judicata. With respect to the unjust enrichment cause of action, the defendants argued that the payments by the plaintiff for real property taxes and hazard insurance were unrecoverable since they constituted voluntary and gratuitous payments made by the plaintiff. The Supreme Court denied the defendants’ motion. We reverse.
 

 On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA, 117 AD3d 978, 979 [2014]; Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1017 [2010]). Once this showing has been made, the burden shifts to the plaintiff to “aver evidentiary facts establishing that the action was timely or to raise an issue of fact as to whether the action was timely” (Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611 [2009]; see Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843, 844 [2014]). “The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies” (Lake v New York Hosp.. Med. Ctr. of Queens, 119 AD3d at 844; see Marrero v Sosinsky, 130 AD3d 883, 883 [2015]; Peykarian v Yin Chu Chien, 109 AD3d 806, 807 [2013]).
 

 Here, the defendants established, prima facie, that the causes of action seeking declarations that the plaintiff had a mortgage on the property under the doctrines of equitable mortgage and equitable subrogation were barred by the six-year statute of limitations. “In order to determine the Statute of Limitations applicable to a particular declaratory judgment action, the court must ‘examine the substance of that action to identify the relationship out of which the claim arises and the relief sought’ ” (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202 [1987], quoting Solnick v Whalen, 49 NY2d 224, 229 [1980]). “If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action” (Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202). A cause of action seeking to establish a lien pursuant to the doctrine of equitable mortgage or the doctrine of equitable subrogation is governed by a six-year statute of limitations (see CPLR 213 [1]; US Bank N.A. v Gestetner, 103 AD3d 962, 963 [2013]; see also Roslyn Union Free School Dist. v Barkan, 16 NY3d 643, 650 [2011]). Those causes of action accrued no later than June 16, 1997, when the mortgage and note were made (see Ponnambalam v Sivaprakasapillai, 35 AD3d 571, 574 [2006]) and, therefore, those causes of action, commenced in 2014, are untimely. In opposition to the defendants’ motion, the plaintiff failed to demonstrate the existence of an issue of fact as to whether the relevant statutes of limitation were tolled or were otherwise inapplicable (see Keles v Hultin, 144 AD3d 988, 989 [2016]). Accordingly, those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (5) to dismiss the causes of action seeking declarations that the plaintiff had a mortgage on the property under the doctrines of equitable mortgage and equitable subrogation should have been granted.
 

 The defendants also established, prima facie, that the unjust enrichment cause of action to recover money allegedly paid by the plaintiff for real property taxes and hazard insurance was time-barred with respect to any payment made by the plaintiff on or before December 2, 2008, six years prior to the commencement of this action (see Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016, 1017 [2015]). In opposition, the plaintiff failed to raise an issue of fact (see Keles v Hultin, 144 AD3d at 989). Accordingly, that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss this cause of action with respect to any payment allegedly made by the plaintiff on or before December 2, 2008, should have been granted.
 

 Although the unjust enrichment cause of action was timely with respect to payments allegedly made after December 2, 2008, the complaint fails to state a cause of action to recover these payments under a theory of unjust enrichment. “The elements of unjust enrichment are that the defendants were enriched, at the plaintiff’s expense, and that it is against equity and good conscience to permit the defendants to retain what is sought to be recovered” (County of Nassau v Expedia, Inc., 120 AD3d 1178, 1180 [2014]; see Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d 491, 491-492 [2008]). “The essence of unjust enrichment is that one party has received money or a benefit at the expense of another” (City of Syracuse v R.A.C. Holding, 258 AD2d 905, 906 [1999]). However, “the voluntary payment doctrine . . . bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law” (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526 [2003]; see Gimbel Bros. v Brook Shopping Ctrs., 118 AD2d 532, 535-536 [1986]). Here, no fraud or mistake is alleged. Instead, the complaint alleges that the plaintiff advanced funds for the real property taxes “to maintain its first lien position” and for the hazard insurance “to protect the property.” These allegations portray the payments as a voluntary, calculated risk to protect the plaintiff’s interest in the property while it continued to litigate the validity of the mortgage, rather than the product of mistake or fraud (cf. Wolf v National Council of Young Israel, 264 AD2d 416, 417-418 [1999]). Accordingly, that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action sounding in unjust enrichment for payments for real property taxes and insurance allegedly made after December 2, 2008, should have been granted.
 

 Under the circumstances of this case, the defendants are also entitled to cancellation of the notice of pendency.
 

 Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.