U.S. Bank N.A. v Salem (2018 NY Slip Op 06049)





U.S. Bank N.A. v Salem


2018 NY Slip Op 06049


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2015-08836
 (Index No. 5220/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Sion Salem, et al., defendants, Abraham Cohen, et al., respondents.


Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz and Courtney J. Lerias of counsel), for appellant.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated July 28, 2015. The order granted the motion of the defendants Abraham Cohen and Esther Cohen pursuant to CPLR 3211(a)(5) to dismiss the second and third causes of action insofar as asserted against them.
ORDERED that the order is affirmed, without costs or disbursements.
On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 969; Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669). The burden then shifts to the plaintiff to "aver evidentiary facts establishing that the action was timely or to raise an issue of fact as to whether the action was timely" (Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669-670 [internal quotation marks omitted]).
We agree with the Supreme Court's determination that the second cause of action, which sought equitable subrogation, was time-barred. A cause of action seeking to establish a lien pursuant to the doctrine of equitable subrogation is governed by a six-year statute of limitations, which begins to run upon the occurrence of the wrongful act giving rise to a duty of restitution (see Wells Fargo Bank, N.A. v Burke, 155 AD3d at 670; Ponnambalam v Sivaprakasapillai, 35 AD3d 571, 574). Here, the court's determination that the statute of limitations began to run as of the dates on which the plaintiff's predecessors recorded their respective mortgages, i.e., December 14, 2006, and January 2, 2007, is supported by the record. Since the plaintiff did not commence this action until April 2014, the cause of action seeking equitable subrogation was time-barred.
We also agree with the Supreme Court's determination that the third cause of action, which alleged unjust enrichment, was time-barred. A cause of action alleging unjust enrichment is also governed by the six-year statute of limitations of CPLR 213(1) and begins to run upon the occurrence of the alleged wrongful act giving rise to the duty of restitution (see Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016). Here, the complained-of actions all occurred more than six years before the commencement of this action.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court