JP Morgan Chase Bank, N.A. v Mbanefo (2018 NY Slip Op 07709)





JP Morgan Chase Bank, N.A. v Mbanefo


2018 NY Slip Op 07709


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-12356
 (Index No. 2441/15)

[*1]JP Morgan Chase Bank, N.A., etc., respondent,
v
Joseph Mbanefo, appellant.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, P.C., New York, NY (David K. Fiveson and Mark J. Krueger of counsel), for respondent.



DECISION & ORDER
In an action for specific performance, the defendant appeals from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated October 14, 2016. The order, insofar as appealed from, granted the plaintiff's motion to preliminarily enjoin the defendant from transferring or encumbering the subject property pending final disposition of the action, and denied that branch of the defendant's motion pursuant to CPLR 3211(a)(5) which was to dismiss the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 19, 2005, the defendant executed and delivered to the plaintiff's predecessor-in-interest a mortgage against the defendant's property in Melville, securing a loan in the amount of $1.5 million. The mortgage was never recorded. In addition, the original mortgage was lost or destroyed, and an attempt by the plaintiff to record a copy of the mortgage was rejected by the Suffolk County Clerk because of certain defects on the face of the mortgage. The plaintiff commenced an earlier action, in effect, to compel the Suffolk County Clerk to accept for recording a copy of the mortgage, and that action was ultimately dismissed on appeal to this Court for failure to state a cause of action (see JP Morgan Chase Bank, N.A. v Mbanefo, 123 AD3d 669, 670).
Thereafter, the plaintiff commenced this action seeking specific performance based upon the defendant's alleged breach of a 2011 modification agreement between the parties. Pursuant to that agreement, the defendant agreed to execute, within 10 days of a demand by the plaintiff, any documentation necessary to enable the mortgage to be recorded. The plaintiff moved to preliminarily enjoin the defendant from transferring or encumbering the property pending final disposition of the action. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, among other things, as time-barred. The Supreme Court, inter alia, granted the plaintiff's motion and denied the subject branch of the defendant's motion. The defendant appeals.
"In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834; see Faison v Lewis, 25 NY3d 220, 224; Ford v Phillips, 121 AD3d 1232, 1234; see also Leon v Martinez, 84 NY2d 83, 87-88). [*2]"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA, 117 AD3d 978, 979; Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1017). Once this showing has been made, the burden shifts to the plaintiff to aver evidentiary facts establishing that the action was timely or to raise a question of fact as to whether the action was timely (see Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669-670; Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843, 844; Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611). "The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Wells Fargo Bank, N.A. v Burke, 155 AD3d at 670 [internal quotation marks omitted]; see Marrero v Sosinsky, 130 AD3d 883; Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d at 844; Peykarian v Yin Chu Chien, 109 AD3d 806, 807).
The complaint asserts one substantive cause of action, which alleges breach of contract, and seeks specific performance of the modification agreement. A cause of action for specific performance of a contract is governed by the six-year statute of limitations set forth in CPLR 213(2) (see Feldman v Teitelbaum, 160 AD2d 832, 833; Lituchy v Guinan Lithographic Co., 60 AD2d 622). "A cause of action . . . [alleging] breach of contract accrues . . . at the time of the alleged breach" (Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 800, 802 [internal quotation marks omitted]; see Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc., 105 AD3d 820, 822; Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 65 AD3d 1226, 1228).
The complaint alleges that the plaintiff sent a written demand to the defendant on January 23, 2015, that he re-execute the mortgage pursuant to the modification agreement, which requires that, "within ten (10) days after [his] receipt of the Lender's request," the defendant "execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s)." It is undisputed that the defendant did not re-execute the mortgage, thereby breaching the modification agreement. Based upon the allegations of the complaint and the documents submitted in support of the defendant's motion, the action alleging breach of contract accrued on February 7, 2015, the date the defendant was required to perform and failed to do so. Since the instant action was commenced on or about February 10, 2015, three days after the alleged breach, the defendant failed to satisfy his initial burden of establishing, prima facie, that the six year limitations period had expired (see Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669; Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA, 117 AD3d at 979; Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d at 1017).
The defendant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court