Wilmington Trust, N.A. v Dawson (2019 NY Slip Op 05583)





Wilmington Trust, N.A. v Dawson


2019 NY Slip Op 05583


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-00676
 (Index No. 602770/17)

[*1]Wilmington Trust, National Association, etc., respondent, 
v
Jeremy Dawson, etc., appellant, et al., defendants.


Yitzhak Law Group, Great Neck, NY (Lavinia A. Acaru of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jeremy Dawson appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated November 9, 2017. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Jeremy Dawson to dismiss the complaint insofar as asserted against him is granted.
In February 2006, Jeremy Dawson borrowed the sum of $272,000 from Alliance Mortgage Banking Corp. (hereinafter Alliance). The loan was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Alliance, encumbering certain real property in West Babylon. In or about August 2007, after Dawson defaulted in payment on the loan, Wells Fargo Bank, N.A. (hereinafter Wells Fargo) commenced an action to foreclose the mortgage (hereinafter the 2007 action). However, in or about March 2014, Wells Fargo and Dawson executed a written stipulation discontinuing the 2007 action and cancelling and discharging the notice of pendency filed in accordance therewith.
In February 2017, the plaintiff, the alleged successor in interest to Wells Fargo, commenced this action to foreclose the mortgage. Dawson moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him on the ground that the action is barred by the statute of limitations. The Supreme Court denied the motion, and Dawson appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Bill Kolb, Jr., Subaru, Inc. v LJ Rabinowitz, CPA, 117 AD3d 978, 979). Once this showing has been made, the burden shifts to the plaintiff to "aver evidentiary facts establishing that the action was timely or to raise an issue of fact as to whether the action was timely" (Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611; see Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843, 844).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754; Loiacono v Goldberg, 240 AD2d 476, 477). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Milone v US Bank N.A., 164 AD3d 145, 151; see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; EMC Mtge. Corp. v Patella, 279 AD2d at 606).
Here, Dawson established that the six-year statute of limitations began to run on the entire debt in or about August 2007, when the plaintiff's predecessor in interest, Wells Fargo, accelerated the mortgage debt by commencing the 2007 action (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030; Milone v US Bank N.A., 164 AD3d at 152; EMC Mtge Corp. v Smith, 18 AD3d 602, 603; EMC Mtge. Corp. v Patella, 279 AD2d at 605). Since the plaintiff did not commence this action until February 2017, Dawson sustained his initial burden on his motion (see Bank of New York Mellon v Craig, 169 AD3d 627, 629; U.S. Bank N.A. v Martin, 144 AD3d 891, 892). The burden then shifted to the plaintiff to present admissible evidence establishing that the action was timely or to raise a triable issue of fact as to whether the action was timely (see Bank of N.Y. Mellon v Craig, 169 AD3d at 629; U.S. Bank N.A. v Martin, 144 AD3d at 892). We disagree with the Supreme Court's determination that the plaintiff met its burden. Even assuming arguendo that the 2014 stipulation of discontinuance had evidenced an affirmative act of revocation of the election to accelerate the mortgage debt, that stipulation was executed after the six-year limitations period had expired.
Accordingly, the Supreme Court should have granted Dawson's motion to dismiss the complaint insofar as asserted against him on the ground that the action is barred by the statute of limitations.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court