Ditech Fin., LLC v Naidu (2019 NY Slip Op 06592)





Ditech Fin., LLC v Naidu


2019 NY Slip Op 06592


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2016-11072
2016-11073
 (Index No. 700387/16)

[*1]Ditech Financial, LLC, etc., respondent,
v
Santhana Kumar Nataraja Naidu, appellant, et al., defendants.


Law Office of Maggio & Meyer, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Santhana Kumar Nataranja Naidu appeals from two orders of the Supreme Court, Queens County (Robert J. McDonald, J.), both dated September 9, 2016. The orders, insofar as appealed from, granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, the defendant Santhana Kumar Nataranja Naidu's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is granted, and those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference are denied as academic.
On April 1, 2003, the appellant executed a note in favor of nonparty America's Wholesale Lender, which was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for America's Wholesale Lender, on residential real property located in Flushing. On March 20, 2006, the appellant executed a note in favor of America's Wholesale Lender and a consolidated note evincing a promise to repay America's Wholesale Lender for the principal amount of both notes. The appellant also executed a Consolidation, Extension, and Modification Agreement in favor of MERS dated March 20, 2006, which consolidated the notes and mortgages arising from the appellant's obligations to America's Wholesale Lender. The consolidated note was endorsed by Countrywide Home Loans, Inc., a New York Corporation doing business as America's Wholesale Lender, without recourse. The payments on the consolidated note were to be made in installments.
Thereafter, there were three assignments of the mortgage: (1) an assignment of mortgage by MERS to BAC Home Loans Servicing, L.P. (hereinafter BAC), dated July 22, 2009; (2) an assignment of mortgage by BAC to Everbank, dated July 15, 2013; and (3) an assignment of [*2]mortgage from Everbank to the plaintiff, dated May 8, 2015.
On July 28, 2009, BAC commenced an action to foreclose the mortgage against the appellant and others, in which BAC declared that it "elect[ed] to call due the entire amount secured by the mortgage." That action was voluntarily discontinued, without prejudice, by a stipulation the parties entered into in February 2014. The stipulation did not contain any clause revoking BAC's election to accelerate the debt.
On January 13, 2016, this action was commenced to foreclose the mortgage. The appellant served an answer with various affirmative defenses, including that the action was time-barred. Thereafter, the appellant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him on the ground that the action was time-barred. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference. The Supreme Court granted the plaintiff's cross motion and denied the appellant's motion. This appeal ensued.
" On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired'" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628, quoting Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see U.S. Bank N.A. v Martin, 144 AD3d 891, 892). "Once this showing has been made, the burden shifts to the plaintiff to aver evidentiary facts establishing that the action was timely or to raise [an issue of fact] as to whether the action was timely" (Bank of N.Y. Mellon v Craig, 169 AD3d at 628 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669-670). "The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Wells Fargo Bank, N.A. v Burke, 155 AD3d at 670 [internal quotation marks omitted]).
"An action to foreclose a mortgage is subject to a six-year statute of limitations" (Bank of N.Y. Mellon v Craig, 169 AD3d at 628; see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Bank of N.Y. Mellon
v Craig, 169 AD3d at 628; see US Bank Trust, N.A. v Williams, 168 AD3d 1122; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754). "However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Bank of N.Y. Mellon v Craig, 169 AD3d at 628, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Halfon v U.S. Bank, N.A., 169 AD3d 653; Lubonty v U.S. Bank N.A., 159 AD3d 962, lv granted 32 NY3d 903). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030).
Here, the appellant established that the six-year statute of limitations began to run on the entire debt on July 28, 2009, when BAC accelerated the mortgage debt by commencing a foreclosure action and declaring therein that BAC "elect[ed] to call due the entire amount secured by the mortgage." Calculating from July 28, 2009, the statute of limitations expired on July 28, 2015. Since the plaintiff did not commence this action until January 13, 2016, the appellant sustained the requisite prima facie burden on the motion (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070; U.S. Bank N.A. v Martin, 144 AD3d at 892).
In opposition, the plaintiff failed to raise a question of fact as to whether it, or any of its predecessors, revoked its election to accelerate the mortgage within six years from July 28, 2009. Contrary to the Supreme Court's determination, the plaintiff's execution of the February 2014 stipulation did not, in itself, constitute an affirmative act to revoke its election to accelerate, since, inter alia, the stipulation, which discontinued the prior foreclosure action, was silent on the issue of the revocation of the election to accelerate, and did not otherwise indicate that the plaintiff would accept installment payments from the appellant (see Bank of N.Y. Mellon v Craig, 169 AD3d 627; [*3]U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807; Freedom Mtge. Corp. v Engel, 163 AD3d 631, lv granted in part 33 NY3d 1039; cf. NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070).
In light of our determination, the appellant's remaining contentions need not be addressed.
Accordingly, the appellant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred should have been granted, and those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the appellant and for an order of reference should have been denied as academic.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court