Federal Natl. Mtge. Assn. v Puma (2020 NY Slip Op 04381)





Federal Natl. Mtge. Assn. v Puma


2020 NY Slip Op 04381


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-04152
 (Index No. 516910/16)

[*1]Federal National Mortgage Association, appellant,
v
Maria Puma, et al., defendants, Manuel Paucar, respondent.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta and Jane H.
Torcia of counsel), for appellant.
David J. Broderick, P.C., Forest Hills, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a clerk's judgment of the Supreme Court, Kings County, dated February 19, 2019. The clerk's judgment, upon an order of the same court (Noach Dear, J.) dated April 19, 2017, granting the motion of the defendant Manuel Paucar pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, is in favor of the defendant Manuel Paucar and against the plaintiff dismissing the complaint.
ORDERED that the clerk's judgment is affirmed, with costs.
In February 2007, the defendant Maria Puma executed a note, which was secured by a mortgage signed by Puma and the defendant Manuel Paucar (hereinafter the defendant) encumbering certain real property located in Brooklyn. In November 2009, OneWest Bank, FSB (hereinafter OneWest), as the alleged owner and holder of the note, commenced an action to foreclose the mortgage. In March 2014, the Supreme Court issued a conditional order of dismissal pursuant to CPLR 3216, which was filed with the Kings County Clerk's Office in July 2014. In November 2014, counsel for OneWest executed a notice of discontinuance of the action due to its inability to verify compliance with pre-acceleration notice requirements.
In September 2016, the plaintiff, as the alleged holder of the note, commenced this action to foreclose the mortgage. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. The Supreme Court granted the motion, and the plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; see Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the [*2]action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d 1324, 1325).
Here, the defendant established that the six-year statute of limitations began to run on the entire debt in November 2009, when OneWest accelerated the mortgage by commencing the prior foreclosure action (see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d at 1325; Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629). Since the plaintiff did not commence this action until September 2016, more than six years later, the defendant sustained his initial burden of demonstrating, prima facie, that this action was untimely (see Bank of N.Y. Mellon v Craig, 169 AD3d at 629).
In opposition, the plaintiff failed to raise a triable issue of fact. There is no evidence in the record that OneWest lacked standing to commence the prior foreclosure action (see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d at 1326).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court