Jusino v Federation of Catholic Teachers, Inc. (2024 NY Slip Op 50315(U))

[*1]

Jusino v Federation of Catholic Teachers, Inc.

2024 NY Slip Op 50315(U)

Decided on March 25, 2024

Supreme Court, Richmond County

Marrone, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2024
Supreme Court, Richmond County

Ramon K. Jusino, Plaintiff,

against
Federation of Catholic Teachers, Inc., Defendant.

Index No. 151479/2023

Plaintiff (unrepresented): Ramon K. Jusino
Counsel for the Defendant: Barry N. Saltzman, Esq.
Pitta, LLP
120 Broadway, 28th Floor
New York, New York 10271

Paul Marrone, Jr., J.

Recitation, as required by CPLR § 2219 (a), of the papers considered in the review of this motion:
Papers NYSCEF Document(s)
Defendant's Motion to Dismiss, with supporting documents (filed October 26, 2023) 23-27, 30
Plaintiff's Opposition to Defendant's Motion (filed November 18, 2023) 30
Defendant's Reply to Plaintiff's Opposition (filed November 28, 2023) 32
The plaintiff in this action, Ramon K. Jusino (hereinafter "Plaintiff"), was a high school theology teacher employed by Notre Dame Academy of Staten Island (hereinafter "NDA"), a Catholic high school. In this capacity, Plaintiff was a member of the Federation of Catholic Teachers, Inc. (hereinafter "Defendant"), the defendant in this action, which serves as a labor organization representing teachers employed by Catholic schools. Plaintiff commenced this action by filing a summons and complaint on August 10, 2023, wherein he asserted causes of action for breach of contract and unlawful discrimination.
Defendant argues herein that Plaintiff's claim for breach of contract must be dismissed as it was filed outside of the applicable statute of limitations (CPLR 3211 [a] [5]). Defendant [*2]further argues that Plaintiff's claims for both breach of contract and unlawful discrimination must be dismissed because the complaint failed to state proper causes of action (id. 3211 [a] [7]). Plaintiff filed opposition, to which Defendant filed a reply. Oral argument was heard on January 25, 2024, with Plaintiff appearing as an unrepresented litigant and Defendant appearing by counsel. The motion was marked as fully submitted, and the Court's decision was reserved.
Plaintiff's causes of action arise from the termination of Plaintiff's employment with NDA, which predicated arbitration pursuant to the collective bargaining agreement between Defendant and NDA, with Defendant retaining counsel for Plaintiff within the arbitration. Plaintiff contemporaneously filed an action against NDA in federal court, as an unrepresented litigant, asserting a claim of unlawful discrimination. Article XXIX of the collective bargaining agreement provides that "neither [NDA] nor [Defendant] shall discriminate against teachers on the basis of . . . race, color, [or] national origin. . ." In preparing for the arbitration, Defendant advised Plaintiff that its position would be based only on a "just cause" theory, and not include a discrimination claim similar to Plaintiff's position in his separate litigation. Plaintiff now seeks recovery for Defendant's refusal to pursue a discrimination claim which, he argues, amounted to discrimination in and of itself, and a breach of Defendant's collective bargaining agreement, whereunder Plaintiff was covered.
I. Plaintiff's Cause of Action for Breach of Contract
The Court will first address the issue of timeliness with respect to the cause of action for breach of contract. On a motion to dismiss a cause of action on such grounds (CPLR 3211 [a] [5]), a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669 [2d Dept 2017]). Within the verified complaint, Plaintiff asserted that the cause of action arose on May 17, 2019, when Defendant confirmed with the arbitrator that the hearing would be based upon the question of whether Plaintiff's employment was terminated for just cause, rather than unlawful discrimination. Defendant argues that the claim should be governed by the statute of limitations for a cause of action for a breach of duty for fair representation, which requires commencement within four months (CPLR. 217 [2] [a]; see Dolce v Bayport - Blue Point Union Free Sch. Dist., 286 AD2d 316 [2d Dept 2001]). Such a deadline would have expired on September 17, 2019, almost four years prior to Plaintiff's commencement of this action.
The burden then shifts to the plaintiff to "aver evidentiary facts establishing that the action was timely or to raise an issue of fact as to whether the action was timely" (Wells Fargo Bank, N.A., 155 AD3d at 669, quoting Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611 [2d Dept 2009]). "The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d 1324, 1325 [2d Dept 2019], quoting Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843, 844 [2d Dept 2014]). Plaintiff does not argue any of these factors but, instead, that this claim should be governed by the statute of limitations for an action concerning a contractual obligation, which is six years (id. 213 [2]), placing it comfortably within the statutory time for commencement. The Court disagrees.
The statute of limitations for an alleged breach of duty for fair representation applies to proceedings against an organization subject to the Public Employees' Fair Employment Act (Civil Service Law § 201 [5]) or the New York State Labor Relations Act (Labor Law § 701 [5]). Defendant is subject to the latter, as a labor organization "which exists and is constituted for the purpose, in whole or in part, of collective bargaining, or of dealing with employers concerning [*3]grievances, terms or conditions of employment, or of other mutual aid or protection" (id.), despite the non-public employment of its members (see New York State Empl. Rels. Bd. v Christ the King Regional High Sch., 90 NY2d 244 [1997]). Plaintiff conceded as much in his verified complaint, wherein he stated, "Defendant. . .is a labor organization as defined by the New York State Human Rights Law § 292 (3), and the New York City Human Rights Law § 8-102."
Therefore, Plaintiff's cause of action for a breach of contract will be dismissed as time-barred. The Court will dispense with considering whether this claim should be dismissed under any other provision, as such a discussion would be academic.
II. Plaintiff's Causes of Action for Unlawful Discrimination
Defendant seeks dismissal of the discrimination claims based on Plaintiffs' failure to state a cause of action (CPLR 3211 [a] [7]). In considering dismissal under this theory, the complaint should be liberally construed in the light most favorable to the plaintiff, and all allegations must be accepted as true (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Initially, the sole criterion is whether the pleading states a cause of action, and if, from the pleading's four corners, the court discerns factual allegations that, when taken together, manifest any cause of action cognizable at law, the motion will fail (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). The question is whether the plaintiff has a cause of action, not whether the plaintiff has stated one (Steve Elliot, LLC v Teplitsky, 59 AD3d 523 [2d Dept 2009], citing Guggenheimer, 43 NY2d 268). 
With respect to the second and third causes of action in his verified complaint, Plaintiff alleges that:
"Defendant wantonly and willfully colluded with [NDA] by intentionally refusing to make any claim of retaliation on Plaintiff's behalf during the entire grievance and arbitration process. Defendant, in effect, aided and abetted [NDA]'s retaliatory conduct towards Plaintiff, squarely making Defendant a co-conspiring perpetrator of unlawful discrimination/retaliation against Plaintiff."
The New York State Human Rights Law identifies an "unlawful discriminatory practice" as any action by a labor organization to ". . .discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding. . ." (Executive Law § 296 [1] [e]).
The New York City Human Rights Law identifies an "unlawful discriminatory practice" as any action by a labor organization to ". . . represent that membership is not available when it is in fact available, or to discriminate in any way against any of its members. . ." based upon "actual or perceived . . . race, . . . color, . . . [or] national origin . . ." (NYC Admin. Code § 8-107 [1] [c]). The statute further identifies an "unlawful discriminatory practice" as any action to "retaliate . . . against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint. . .under this chapter, (iii) commenced a civil action alleging . . . an unlawful discriminatory practice under this chapter, . . . or (vi) provided any information to the commission pursuant to the terms of a conciliation agreement" (id. § 8-107 [7]).
Both statutes further dictate that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this [provision], or to attempt to do so" (Executive Law § 296 [6]; NYC Admin. Code § 8-107 [6]).
To prove retaliation, Plaintiff would need to show that (1) he has engaged in protected activity, (2) his employer was aware that she participated in such activity, (3) he suffered an adverse employment action, and (4) a causal connection between the protected activity and the [*4]adverse action (Asabor v Archdiocese of NY, 102 AD3d 524, 528 [1st Dept 2013], citing Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]). Under the circumstances alleged, it would be NDA's participation in discrimination that "serves as the predicate for the imposition of liability on others for aiding and abetting" a discriminatory practice (Santana v Yonkers City Sch. Dist., 2023 NY Slip Op 23386, quoting Murphy v ERA United Realty, 251 AD2d 469, 472 [2d Dept 1998]). Defendant may be held liable for aiding and abetting the discriminatory conduct if it "actually participated" in NDA's conduct that gave rise to the discrimination claim (see Valentin v Staten Is. Univ. Hosp., 2011 NY Slip Op 33343[U], 13-14 [Sup Ct, Richmond County], citing Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886 [2d Dept 2010]).
Plaintiff attached to his verified complaint, two emails from his counsel during the arbitration, dated September 23, 2018 and May 1, 2019, wherein said counsel informed Plaintiff that he was retained by Defendant solely on the issue of whether Plaintiff was terminated for just cause, and not on the issue of discrimination. In the body of the verified complaint, Plaintiff asserted that Defendant's decision to eschew the discrimination claim, despite the express prohibition against such conduct within the collective bargaining agreement, shows that Defendant "willfully colluded" with NDA in the alleged retaliation. 
The Court finds that these factual allegations manifest a cause of action for aiding and abetting an unlawful discriminatory practice cognizable at law (Guggenheimer, 43 NY2d at 275; Executive Law § 296 [1] [e]; NYC Admin. Code § 8-107 [1] [c]; id. § 8-107 [7]).
III. Decision and Order
Accordingly, it is hereby ORDERED that Defendant's motion is GRANTED to the extent that Plaintiff's first cause of action for breach of contract is hereby dismissed. Any items of relief sought by the motion that are not addressed herein are deemed to be DENIED.
Dated: March 25, 2024
Staten Island, New York
Hon. Paul Marrone, Jr.
Justice of the Supreme Court