Deutsche Bank Natl. Trust Co. v Weinfeld (2024 NY Slip Op 02299)

Deutsche Bank Natl. Trust Co. v Weinfeld

2024 NY Slip Op 02299

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-01552
 (Index No. 523164/17)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Tzivia Weinfeld,, et al., defendants, Shia Weinfeld, etc., et al., respondents.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for appellant.
Alan J. Wohlberg, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated February 7, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the causes of action for an equitable mortgage and equitable subrogation insofar as asserted against the defendants Shia Weinfeld and Ben Zion Eli Weinfeld, as trustees of the 1532 51st Street Trust, and granted that branch of those defendants' cross-motion which was to dismiss those causes of action insofar as asserted against them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2017, the plaintiff commenced this action against, among others, Shia Weinfeld and Ben Zion Eli Weinfeld (hereinafter the trustee defendants), as trustees of the 1532 51st Street Trust (hereinafter the Trust), to foreclose a mortgage securing certain real property located in Brooklyn. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. The trustee defendants opposed the motion and cross-moved, among other things, to dismiss the causes of action for an equitable mortgage and equitable subrogation insofar as asserted against them as time-barred. In an order dated February 7, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the causes of action for an equitable mortgage and equitable subrogation insofar as asserted against the trustee defendants and granted that branch of the trustee defendants' cross-motion which was to dismiss those causes of action insofar as asserted against them as time-barred. The plaintiff appeals. We affirm.
"A cause of action seeking to establish a lien pursuant to the doctrine of equitable mortgage or the doctrine of equitable subrogation is governed by a six-year statute of limitations" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670; see HSBC Bank USA, N.A. v Parker, 180 AD3d 1026, 1029). Here, the trustee defendants established, prima facie, that the causes of action for an equitable mortgage and equitable subrogation accrued no later than March 19, 2004, when the subject note and mortgage were made. Thus, those causes of action, asserted in 2017, were untimely (see Wells Fargo Bank, N.A. v Burke, 155 AD3d at 670).
In opposition to the trustee defendants' cross-motion, the plaintiff failed to raise a question of fact as to whether the relevant statute of limitations was tolled or otherwise inapplicable. "[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" (HSBC Bank USA, N.A. v Parker, 180 AD3d at 1029 [internal quotation marks omitted]). Here, the deed transferring the property to the Trust was recorded prior to the issuance of the mortgage. The plaintiff provided no explanation as to why its predecessor in interest issued a mortgage to a party who was not on the deed as the owner of the subject property. Moreover, the plaintiff provided no evidence of fraud or misrepresentation by the trustee defendants.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the causes of action for an equitable mortgage and equitable subrogation insofar as asserted against the trustee defendants and granted that branch of the trustee defendants' cross-motion which was to dismiss those causes of action insofar as asserted against them as time-barred.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court